Although I do not disagree with the majority's analysis of the merits of appellant's assignment of error, nonetheless, I respectfully dissent because I do not believe this Court has jurisdiction. My reason for so concluding follows.
Appellant filed a motion to suppress the evidence regarding his driver's license status alleging such evidence was obtained as a result of an illegal stop. The magistrate overruled the motion to suppress, which decision was approved without modification by the trial court via Judgment Entry filed January 20, 1998. Appellant subsequently changed his plea to no contest on the No Operator's License count. The magistrate recommended appellant be found guilty and further recommended a sentence via a document entitled " JUDGMENT ENTRY (And/or REPORT and SENTENCING RECOMMENDATION)" filed January 20, 1998. The trial court approved the magistrate's report on January 28, 1998. The trial court's approval of the magistrate's recommendation is contained on the same document as the recommendation itself. The trial court's January 28, 1998 approval was never separately filed or journalized with the clerk. Although the clerk's Transcript of Docket reflects the trial court's approval of the recommendation on January 20, 1998, the record is inapposite. Because the trial court's approval of the magistrate's January 20, 1998 conviction and sentence recommendation has never been separately filed with or journalized by the clerk, no final appealable order exists in the case sub judice. Accordingly, I would dismiss appellant's appeal for lack of jurisdiction.
JUDGE WILLIAM B. HOFFMAN.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Municipal Court of Delaware County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence. Costs to appellant.